## 574

494 P.2d 1391

Manuela CONTRERAS, Appellant,

v.

NEW MEXICO HEALTH AND SOCIAL
SERVICES DEPARTMENT, Appellee.

No. 752.

Court of Appeals of New Mexico.

Feb. 25, 1972.

Charles T. DuMars, Peter C. Mallery,
Betty A. Camunez, Legal Aid Society of
Albuquerque, Inc., Albuquerque, of counsel,
for appellant.

David L. Norvell, Atty. Gen., Robert J.
Laughlin, Agency Asst. Atty. Gen., Santa
Fe, for appellee.

## OPINION

SUTIN, Judge.

Manuela Contreras, 72 years of age, applied for assistance under the Public Welfare Act of 1937, ch. 18 as amended. The application was denied by a caseworker. Contreras appealed to the State Board of Health and Social Services and requested a fair hearing of the denial of assistance. A hearing was held. Thereafter, the hearing officer recommended that the appeal be upheld. Nevertheless, the Appeals Review Committee denied the application for financial assistance. Contreras appeals to this court under § 13–1–18.1, N.M.S.A. 1953 (Repl.Vol. 3, Supp.1971).

We reverse.

The sole reason the application was denied was "Information presented at the hearing was that [Contreras] had transferred property and the sales contract was worth $2,950 which was in excess of the allowable maximum under Agency regulations." We hold that the decision is not supported by substantial evidence in the record as a whole as provided by § 13–1–18.1(D) (2), N.M.S.A.1953 (Repl.Vol. 1968, Poc.Supp.1971). We need not decide whether "substantial evidence in the record as a whole" changes the traditional view of substantial evidence. See Kaiser Steel Corporation v. Property Appraisal Department, 83 N.M. 251, 490 P.2d 968 (Ct.App. 1971), and discussion therein. Even under the traditional approach [Tapia v. Panhandle Steel Erectors Co., 78 N.M. 86, 428 P.2d 625 (1967)] the evidence is not substantial.

The record of the hearing shows the following:

1. On July 9, 1969, Manuela C. Avelar, a single woman, [now Contreras], for consideration paid, deeded real estate to Esther C. Boseheff.

2. · On December 29, 1969, Boseheff, by real estate contract, sold the property to Baca for $4,500.00, $1000 paid, and the balance of $3,500 to be paid at the rate of $50.-00 per month.

3. On March 8, 1971, Contreras made her application for assistance. In answer to Item 43, "income from sale of property," the following words were written in a blank space: "Bal $2950 on contract." Thereafter, under monthly amounts, there was inserted "$50.00."

4. The caseworker read into evidence her letter of denial of the Contreras application. In part, it stated:

I'm sorry to inform you we must deny your application for financial assistance due to your contract right in excess of our standards of $1,200. This is the provision of the Department in Paragraphs 231.832B regarding Personal Property. * * *

She further testified that she was not "qualified as an expert to tell how much the face value" of the contract was. "In other words—Not what it is actually worth, but what it says in the contract."

5. Contreras offered in evidence without objection the written opinion of an attorney based upon his experience with similar real estate contracts that "this contract has a maximum cash value at this time of $1,200.00."

The hearing officer made findings and concluded that Mrs. Contreras did not sell property to become eligible; that Mrs. Contreras has income of $48.50 per month, and recommended that the appeal be upheld. It is noted that the escrow agent deducts $1.50 per month from the $50.00 payment, leaving a balance of $48.50 per month.

"Agency" regulation 231.832B provides in part:

To be considered eligible on the condition of need the total personal property owned by the client may not exceed $1,200. The value of personal property owned in excess of this amount is considered a resource and is considered available to meet requirements if it is transferable. * * *

There was no evidence that Contreras owned the real estate contract. To the contrary, the payee under the contract is Esther C. Boseheff rather than Mrs. Contreras. Even if a reasonable inference could be drawn, which we do not concede, that Contreras owned the contract, the only competent evidence established a value not to exceed $1200.00. Additionally, there was no evidence of a present market for the contract. Furthermore, no where does the record show that the real estate contract had a "transferable" value in excess of $1200.00. The only competent evidence as to "transferable" value or actual worth is that the contract has a "maximum cash value" of $1200.00. The denial of financial assistance is not supported by substantial evidence.

The parties agreed that $50.00 per month was not sufficient income to provide Contreras a reasonable subsistence compatible with decency and health.

This case is reversed. Mrs. Contreras is entitled to assistance in accordance with the hearing officer's findings.

It is so ordered.

HENDLEY and COWAN, JJ., concur.